Zhu v. Holder

BIA
Nelson, IJ
A089 252 283

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand fourteen.

PRESENT:
        REENA RAGGI,
        PETER W. HALL,
        DENNY CHIN,
            *Circuit Judges.*

_____

CHANG QIANG ZHU, AKA HUA XING LIN,
        *Petitioner*,

        v.                                          11-5348
                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Wendy Tso, New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Daniel E. Goldman,
                         Senior Litigation Counsel; Jonathan
                         F. Potter, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision below is VACATED, and the matter is REMANDED for further proceedings not inconsistent with this order.

Chang Qiang Zhu, a native and citizen of the People's Republic of China, seeks review of a November 30, 2011, decision of the BIA affirming the August 27, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chang Qiang Zhu*, No. A089 252 283 (B.I.A. Nov. 30, 2011), *aff'g* No. A089 252 283 (Immig. Ct. N.Y. City Aug. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications such as Zhu's, governed by the amendments to the Immigration and Nationality Act by the REAL ID Act of 2005, *Matter of S-B-*, 24 I. & N. Dec. 42, 45 (BIA 2006), the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant[, and] . . . the consistency [of the applicant's] statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

Although we "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling, *Xiu Xia Lin*, 534 F.3d at 167, we remand because given the errors in what the IJ characterized as the "[m]ore significant" bases of the adverse credibility determination, we cannot conclude that the agency would reach the same decision on remand considering the totality of the circumstances. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406-07 (2d Cir. 2005).

2

The agency based its credibility determination primarily on Zhu's testimony concerning his telling of the story of the biblical figure Paul to Chinese authorities during his detention. The agency found that Zhu's demeanor while testifying was "hesitant" and "evasive" and his account of the story was inconsistent. The record, however, reveals that Zhu's demeanor began to suffer only when the IJ required him to provide highly detailed information regarding the story of Paul. Indeed, while Zhu was able to explain that Paul was a disciple of Jesus Christ who persecuted Christians, and later converted to Christianity after being blinded on the road to Damascus, he struggled to answer more detailed questions such as what form Paul's persecution of Christians took or in what year Paul converted to Christianity. By inquiring of Zhu and expecting him to provide this extensive detail, virtually all of which he testified to accurately in any event, the IJ contravened our holding in *Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006), which prohibits relying on a petitioner's lack of doctrinal knowledge as the basis for an adverse credibility determination or denying relief.

Although the agency indicated, and the government now asserts, that the adverse credibility determination was based not on Zhu's failure to remember the details of the story of Paul, but rather on his inability correctly to recall what he told the officers in China and his poor demeanor in recalling those events, this categorization is not supported by the record. First, to the extent Zhu exhibited questionable demeanor during this line of inquiry by the IJ, the change in demeanor coincides with the IJ's demand for detailed information about the story of Paul, not about what he told the officers, and thus was triggered by a line of inquiry inconsistent with our holding in *Rizal*. *See Rizal*, 442 F.3d at 90. Second, to the extent the agency determined that Zhu's testimony was inconsistent with respect to the story of Paul, it failed to identify what inconsistencies it was considering, nor did the agency give Zhu an opportunity to explain any so-called inconsistencies. *Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006) (the agency may not rest an adverse credibility determination on non-obvious inconsistencies without first giving the applicant a chance to explain the inconsistency).

3

Furthermore, the two additional findings the agency relied on to support the adverse credibility determination are insufficient on their own to support an adverse credibility determination under a totality of the circumstances. First, the agency's finding that Zhu lacked a credible demeanor while testifying about why he enjoyed attending Christian gatherings is not apparent from the record, which shows that while Zhu struggled to understand the IJ's questions, he provided responsive, though unspecific, answers. Without what the IJ perceived to be problematic testimony during her questioning of petitioner regarding the story of Paul, this minor incident would not be enough, under the totality of the circumstances, to support an adverse credibility determination. *See Xiu Xia Lin,* 534 F.3d at 167. In addition, while the agency noted that Zhu provided an inconsistent account of the dates that the police originally began looking for him, the record demonstrates that, at most, Zhu was confused by the question, as he immediately corrected the date once he understood what was asked. Given Zhu's quick correction of that date, especially in light of the other significant problems we have identified with regard to the credibility determination discussed above, this minor inconsistency (if it is an inconsistency at all) is insufficient to support the adverse credibility determination. *Id.*

Because the IJ's adverse credibility determination relied primarily on a determination at odds with *Rizal v. Gonzales*, 442 F.3d at 90, and because the other credibility findings are insufficient on their own to uphold the determination, we remand for further proceedings regarding Zhu's eligibility for relief. *See Cao He Lin*, 428 F.3d at 406-07. Moreover, it is unclear whether, as the government argues, Zhu has fully exhausted his claim that there is a pattern or practice of persecuting Christians in China. Zhu argued before the BIA, albeit briefly, that the IJ erred in failing to consider his pattern or practice claim, but neither the IJ or the BIA fully considered that claim or addressed whether it was sufficiently raised. If upon remand Zhu is found credible as to his practice of Christianity in China or in the United States, or both, the agency should either address his claim that there is a "pattern or practice" of persecution of Christians in China or explain why it was not sufficiently presented, to the extent that reaching this claim is necessary to resolve his eligibility for asylum or withholding of removal. *See* 8 C.F.R. § 1208.13(b)(2)(iii).

For the foregoing reasons, the petition for review is GRANTED, the decision below is VACATED, and the matter is REMANDED for further proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk